## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

QUENTIN GETTY, #M42745,

   **Plaintiff,**

vs.             **Case No. 18−cv−1134−DRH**

CHRIS KIM,
DAVID WHITE,
VENERIO SANTOS, and
JOHN/JANE DOE,

   **Defendants.**

## <u>MEMORANDUM AND ORDER</u>

**HERNDON, District Judge:**

Plaintiff Quentin Getty, an inmate in Centralia Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred at Centralia and Big Muddy Correctional Centers. In his Complaint, Plaintiff claims the defendants have been deliberately indifferent to his serious medical issues in violation of the Eighth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

## <u>The Complaint</u>

In his Complaint (Doc. 1), Plaintiff makes the following allegations: on June 20, 2017, Plaintiff was sent to St. Louis University Hospital to have his shoulder examined by Defendant Kim, an orthopedic. (Doc. 1, p. 2). Kim performed range of motion exercises on Plaintiff's left shoulder to check for stability. *Id.* During these exercises, Plaintiff told Kim that he was stretching his shoulder too far, causing him a lot of pain. *Id.* Kim disregarded Plaintiff's complaints and continued to extend his shoulder until it popped. (Doc. 1, p. 3). Plaintiff screamed, and Kim apologized for the accident. *Id.* Kim X-rayed

Plaintiff's shoulder and found it was dislocated. *Id.* Kim refused to relocate Plaintiff's shoulder, telling him that his institution could get it done faster. *Id.* Kim told Plaintiff that he could perform surgery in the future, and when Plaintiff told him that he was in severe pain and needed treatment at that time, Kim told him that he did not meet the criteria for immediate surgery. *Id.* Plaintiff told Kim that he did not want surgery in the future and asked to speak with a supervisor. *Id.* Kim denied the request. *Id.*

Plaintiff had to travel in severe pain for two hours until he returned to the facility. *Id.* He then had to wait an additional two hours to meet with Dr. Larson. *Id.* Dr. Larson examined Plaintiff's shoulder and immediately sent him to Crossroads Community Hospital. *Id.* Plaintiff met with Dr. Zaki Chowdhury who diagnosed his condition as a recurrent dislocation. *Id.* Chowdhury then relocated Plaintiff's shoulder. *Id.* The relocation was short-lived, however, and Plaintiff's shoulder dislocated again. *Id.* After an examination by Dr. Larson, Plaintiff was sent back to Crossroads Community Hospital. (Doc. 1, pp. 3-4). On July 1, 2017, Plaintiff met with Dr. Grant who failed to relocate Plaintiff's shoulder. (Doc. 1, p. 4). Plaintiff was sent back to Big Muddy, and Dr. Larson sent Plaintiff to St. Louis University Hospital where he met with another orthopedic who eventually relocated his shoulder. *Id.*

On July 4, 2017, Plaintiff met with Dr. Larson who ordered him to remain in the prison's infirmary for a week. *Id.* On July 17, 2017, Plaintiff met with Dr. Larson and informed him that his pain medication was not working, so he was

prescribed a different medication. *Id.* During this time, Plaintiff filed two grievances against Dr. Kim, but Defendant John/Jane Doe never processed them or responded to them. *Id.* On November 7, 2017, Plaintiff's shoulder dislocated again and was relocated. *Id.*

On November 21, 2017, Plaintiff was transferred to Centralia Correctional Center. *Id.* Plaintiff met with Defendant Santos and told him his history of shoulder issues and that his pain medication was not working. *Id.* Santos reviewed Plaintiff's medical records and told him that there was no need for further treatment. *Id.* Plaintiff pleaded with Santos, explaining that he deals with complications and pain daily. (Doc. 1, pp. 4-5). Santos told Plaintiff to leave. (Doc. 1, p. 5). Plaintiff notified Defendant White that John/Jane Doe refused to process his grievances and informed him of his medical issues, but White denied Plaintiff's grievance. *Id.* Plaintiff's shoulder never recovered and continued to dislocate. *Id.* This information was sent to Santos who stated that Plaintiff's condition was normal. *Id.* Plaintiff continues to have restricted movement in his shoulder, which causes him aching and shooting pain that travels from his shoulder to his hands. *Id.* Three of his fingers are numb. *Id.* Plaintiff requests declaratory and monetary relief, as well as "adequate treatment from Defendant Santos." (Doc. 1, p. 6).

## Discussion

Before analyzing Plaintiff's allegations, the Court finds it appropriate to address the fact that Plaintiff has named Chris Kim as a defendant in this lawsuit.

A plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852-53 (7th Cir. 2003). Kim is an employee of St. Louis University Hospital and therefore does not appear to be a state actor. Because of this, he will be dismissed without prejudice from this lawsuit. Plaintiff would have to file a professional negligence case against Kim to pursue some legal action against him, however that is wrought with complex procedures and from the facts alleged here a successful lawsuit is certainly not assured. A judgment will not be entered specifically regarding the Kim action dismissed hereby but will be included by the Clerk in the final judgment of the Court.

Moving to the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

> **Count 1 –** Defendants showed deliberate indifference to Plaintiff's serious medical need involving a recurrent shoulder dislocation and pain associated therewith, in violation of the Eighth Amendment.

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

As to Count 1, the Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, a prisoner must show that: (1) he suffered from an objectively serious medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The Court finds that Plaintiff has satisfied the objective standard at this stage with respect to his recurrent shoulder dislocation. As to the subjective standard, Plaintiff's assertion that Santos has refused to treat him for his painful condition is sufficient to state a claim. Plaintiff's claims that John/Jane Doe and David White neglected and/or denied his grievances against Kim do not satisfy the subjective standard, however. "Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance." *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) (citing *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)). Plaintiff has not alleged that these two defendants were involved in his medical treatment, or lack thereof, apart from their receiving his grievances against Kim. He has therefore failed to state a deliberate indifference claim against them.

To the extent Plaintiff seeks to bring a claim based on their treatment of his grievances generally, the Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). As explained in *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id.* at 1430-31(internal citations omitted). Because Plaintiff had no expectation of a particular outcome of his grievances, there is no viable claim which can be vindicated through § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983).

Accordingly, Count 1 will proceed against Santos and will be dismissed without prejudice against White and John/Jane Doe.

**<u>Disposition</u>**

**IT IS HEREBY ORDERED** that **COUNT 1** will **PROCEED** against **SANTOS** and is **DISMISSED** without prejudice against **WHITE** and **JOHN/JANE DOE**.

**IT IS FURTHER ORDERED** that **KIM** is **DISMISSED** from this action without prejudice for the reasons stated herein.

**IT IS FURTHER ORDERED** that **WHITE** and **JOHN/JANE DOE** are **DISMISSED** from this action without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for **SANTOS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Santos is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire

matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.06.07 10:29:57
-05'00'

**United States District Judge**

9