IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| QUENTIN GETTY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 18-CV-1134-SMY-MAB |
| VENERIO SANTOS., | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Mark Beatty (Doc. 38), recommending that the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendant Venerio Santos (Doc. 19) be granted. Plaintiff filed a timely objection (Doc. 41). For the following reasons, Judge Beatty's Report and Recommendation is **ADOPTED**.

## Background

Plaintiff Quentin Getty, an inmate who is currently incarcerated at Centralia Correctional Center ("Centralia"), brings the instant civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff claims Defendant Dr. Santos denied him adequate medical care for his shoulder issues. Specifically, Plaintiff alleges he met with Dr. Santos after being transferred to Centralia in November 2017 and told him about his history of shoulder issues and that his pain medication was not working. Plaintiff further alleges that Dr. Santos reviewed Plaintiff's medical records and informed him that no further treatment was needed. Dr. Santos has moved for summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies prior to filing suit.

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Judge Beatty conducted an evidentiary hearing on Defendant's motion during which he examined three grievances Plaintiff filed after his transfer to Centralia; grievances dated December 2017, March 2018, and April 2018. Following the hearing, Judge Beatty issued the Report currently before the Court, setting forth the evidence presented by the parties on the issue of exhaustion, the applicable law, the requirements of the administrative process, and his conclusions. Judge Beatty found that Plaintiff's testimony was internally inconsistent, illogical, and implausible. He concluded that Plaintiff failed to exhaust his administrative remedies as to Dr. Santos in any of the three grievances, and as a result, recommended that Plaintiff's claims against Dr. Santos be dismissed for failure to exhaust administrative remedies.

**Discussion**

Because a timely objection was filed, the undersigned must undertake a *de novo* review of the Report. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the Court to "give fresh consideration to those issues to which specific objections have been made" and to make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id*.

For his objection, Plaintiff generally reiterates the arguments made at the *Pavey* hearing and in his previous filings. He concedes that he did not exhaust his administrative remedies as to the December 2017 grievance. He contends that he never received responses back from his counselor regarding the grievances he filed against Dr. Santos in March and April 2018. Plaintiff

asserts that he was nervous during the *Pavey* hearing and that his nervousness contributed to his inconsistent responses.

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). Proper exhaustion requires that inmates file complaints and appeals in the place, at the time, and in the manner the prison's administrative rules require. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his counselor. Ill. Admin. Code Tit. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. § 504.810(b) (emphasis added).

Although Plaintiff alleges that he submitted the March and April 2018 grievances, Judge Beatty did not find Plaintiff's assertions credible. Judges stand in the best position to assess a witness's credibility because they have the opportunity "to observe the verbal and nonverbal behavior of the witnesses . . . [including their] reactions and responses to the interrogatories, their facial expressions, attitudes, tone of voice, eye contact, posture and body movements." *Kraushaar v. Flanigan*, 45 F.3d 1040, 1052-53 (7th Cir. 1995). Clearly, Judge Beatty assessed the credibility of Plaintiff's assertions that he filed grievances against Dr. Santos in March and April 2018 and found them lacking. He noted several inconsistencies in the record supporting his conclusion that Plaintiff manufactured these grievances after-the-fact in an effort to survive summary judgment, including: (1) Plaintiff's failure to mention the March or April grievances in any of his filings prior to the *Pavey* hearing; (2) neither grievance was located in the grievance records or cumulative counseling summary although other non-related grievances were contained in the records; and (3) Plaintiff's questionable explanations during the Pavey hearing regarding the inconsistencies. The

Court finds no reason in the record to second-guess Judge Beatty's credibility determinations and finds his factual findings and rationale to be sound.

It is apparent that Plaintiff did not exhaust his administrative remedies prior to filing suit. Accordingly, the Court adopts Magistrate Judge Beatty's Report and Recommendation (Doc. 38) in its entirety. Defendant's Motion for Summary Judgment (Doc. 19) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED:** September 6, 2019

**STACI M. YANDLE**
**United States District Judge**